UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSUE FRANCISCO REYES MONTERROSO, CONCEPCION MALAQUIAZ REYES MONTERROSO and JENNIFER GUADALUPE MARTINEZ FERRER,

    Plaintiffs,

v.                                                                         Case No.:  2:24-cv-420-SPC-KCD

HERNAN CARRANZA,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiffs' Motion for Leave to Conduct Pre-Service Discovery and to Extend Service Deadline. (Doc. 10.)[1]  For the reasons below, the motion is granted.

## I. Background

Plaintiffs allege that Defendant Hernan Carranza, their former employer, violated the Fair Labor Standards Act by not paying wages owed. (Doc. 1.) Plaintiffs made multiple attempts to serve Carranza, but the summons were returned unexecuted. (Doc. 10-12.)  They now move to conduct

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

pre-service discovery and extend the service deadline by sixty days. (Doc. 10.) They seek to subpoena T-Mobile, Carranza's phone carrier, to learn his address and serve him. (*Id.*)

## II. Discussion

Parties cannot typically seek discovery before participating in a Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). However, a district court has "broad discretion to . . . dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Discovery before the Rule 26(f) conference can proceed if the moving party shows "good cause." *Barreto v. Fla. Dep't of Child. & Fams.*, No. 8:18-cv-3024-T-23JSS, 2019 WL 13267788, at *1 (M.D. Fla. Dec. 24, 2019). To determine if there is good cause, a court may consider: "(1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made." *Centennial Bank v. ServisFirst Bank Inc.*, No. 8:16-cv-88-T-36JSS, 2016 WL 7376655, at *2 (M.D. Fla. Jan. 29, 2016).

Plaintiffs have shown good cause for expedited discovery. They put forward a well-pleaded complaint and require Carranza's address to serve him. (*See* Doc. 1, Doc. 10.) The parties cannot participate in a Rule 26(f) conference, and the case cannot move forward, until Carranza is served. Furthermore, the

requested subpoena is narrow and not burdensome because Plaintiffs only seek to discover Carranza's address. (*See* Doc. 10.)

The Court will also extend the service deadline by sixty days so Plaintiffs have time to subpoena T-Mobile and serve Carranza.

It is thus **ORDERED:**

1. Plaintiffs' Motion for Leave to Conduct Pre-Service Discovery and to Extend Service Deadline (Doc. 10.) is **GRANTED;**

2. Plaintiffs are permitted limited discovery to subpoena T-Mobile to determine the address of Defendant Hernan Carranza;

3. Plaintiffs must attach a copy of this Order to the subpoena;

4. The deadline for Plaintiffs to serve Carranza is extended by sixty days.

**ORDERED** in Fort Myers, Florida on July 25, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record