UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSUE FRANCISCO REYES
MONTERROSO, CONCEPCION
MALAQUIAZ REYES
MONTERROSO, JENNIFER
GUADALUPE MARTINEZ
FERRER,

      Plaintiffs,

v.

HERNAN CARRANZA, d/b/a Texas
Pro Drywall,

      Defendant,
_____/

Case No. 2:24-CV-420-SPC-KCD

## REPORT & RECOMMENDATION

Plaintiffs Josue Francisco Reyes Monterroso, Concepcion Malaquiaz Reyes Monterroso, and Jennifer Guadalupe Martinez Ferrer move for a final default judgment against their former employer, Defendant Hernan Carranza d/b/a Texas Pro Drywall. (Doc. 30.)[1] According to the complaint, Defendant violated the Fair Labor Standards Act (FLSA) by failing to pay overtime. (Doc. 1.) For relief, Plaintiffs seek unpaid wages and liquidated damages. (Doc. 30 at 4.) They also demand the attorneys' fees spent pursuing this matter. (*Id.* at 5.) Having reviewed the motion and complaint, default judgment should be entered in the amounts discussed below.

---

[1] Plaintiffs' motion is not paginated. The Court thus refers to the page numbers generated by its electronic filing system.

## I. Background

The Court takes these facts from the operative complaint (Doc. 1), which are deemed admitted by Defendant's default. Defendant is a sole proprietorship that conducts business in Ft. Myers, Florida. Plaintiffs were employed as drywall installers for several months in 2023. The Monterrosos were paid $23.00 an hour, while Ferrer received $22.50. (*See* Doc. 1.)

According to the complaint, Defendant "regularly scheduled and directed Plaintiff[s] to work in excess of forty (40) hours per week." (*Id.* ¶ 16.) Yet Defendant refused "to pay Plaintiff[s] overtime wages . . . [in] willful violation of the FLSA." (*Id.* ¶ 18.) Plaintiffs now sue to recover these unpaid wages.

## II. Legal Standards

A district court may enter a default judgment against a party who was properly served but did not appear or respond. Fed. R. Civ. P. 55(b)(2).[2] To do so, the court must be convinced there is "a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). In other words, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). A complaint meets this bar when it

---

[2] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A default is not "an absolute confession by the defendant of . . . the plaintiff's right to recover." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, even when there is a default, "the [p]laintiff bears the burden of demonstrating that it is entitled to the relief it seeks." *Branch Banking & Tr. Co. v. Recon Test Equip., Inc.*, No. 619CV624ORL78LRH, 2019 WL 13064728, at *2 (M.D. Fla. Nov. 26, 2019). "[A] plaintiff seeking default judgment must show the Court what [her] damages are, how they are calculated, and where they come from." *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1294 (S.D. Ala. 2010). Put simply, when considering a motion for default judgment, the court considers whether there is jurisdiction and the pleadings provide a sufficient basis to award the relief sought. *Bank of Am., N.A. v. M/V Triple Threat*, No. 3:13-CV-592-J-39JBT, 2014 WL 12872703, at *2 (M.D. Fla. Apr. 16, 2014).

### III. Discussion

**A. Subject Matter Jurisdiction**

Plaintiffs allege that Defendant violated the FLSA by failing to pay overtime compensation. (Doc. 1.)[3] The Court has original jurisdiction over

---

[3] The complaint also alleges claims for breach of contract. Plaintiffs do not seek a judgment on those claims, and thus they are considered abandoned. *See, e.g.*, *Rismay v. Alterations by*

3

these claims because they present a federal question. 28 U.S.C. § 1331. Thus, there is subject matter jurisdiction.

## B. Personal Jurisdiction

"The Due Process Clause . . . protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Thomas v. Brown*, 504 F. App'x 845, 847 (11th Cir. 2013). Thus, before entering default judgment, the district court must assure itself that service was proper, Florida's longarm statute reaches the defendant, and maintenance of the suit would not offend due process. *Golembiewski v. Waters Pointe Apartments, LLC*, No. 8:23-CV-00081-KKM-AEP, 2023 WL 4931218, at *3 (M.D. Fla. June 27, 2023).

Amenability to jurisdiction is established here since Defendant was conducting business in Florida. *See* Fla. Stat. § 48.193(1)(a)(1). Defendant's failure to pay wages to employees working in Florida also means personal jurisdiction does not offend the Constitution. *See, e.g.*, *Argos Glob. Partner Servs., LLC v. Ciuchini*, 446 F. Supp. 3d 1073, 1088 (S.D. Fla. 2020).

Finally, service was proper. "While a plaintiff bears the ultimate burden of proving valid service of process, a return of service that is regular

---

*Lucy & Crisp & Clean Dry Cleaning & More, LLC*, No. 6:20-cv-1357-GAP-EJK, 2022 WL 396320, at *1 n.1 (M.D. Fla. Jan. 21, 2022).

on its face is presumed to be valid absent clear and convincing evidence presented to the contrary." *Robles-Martinez v. Diaz, Reus & Targ, LLP*, 88 So. 3d 177, 179 (Fla. Dist. Ct. App. 2011). "Regular on its face" means the return of service attests to all the information required by the service statute. *Id.* at 180. Plaintiffs served Defendant through the Secretary of State because its owner refused service, would not provide a current address, and refused to accept service. Defendant does not otherwise have a registered agent in Florida, and Plaintiffs exhausted efforts to locate and serve Defendant. (*See* Docs. 25, 26, 30.) This is allowed under Florida law. *See* Fla. Stat. §§ 48.161, 48.181.

### C. Liability

With jurisdiction out of the way, the next question is whether "the well pleaded allegations in the complaint actually state a substantive cause of action and that a substantive, sufficient basis exists in the pleadings for the particular relief sought." *Golembiewski*, 2023 WL 4931218, at *2. A sufficient basis is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Id.* Thus, the reviewing court must evaluate whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

To prevail on their overtime wage claims, Plaintiffs must establish two initial elements: 1) Defendant employed them; and (2) they were employed by

5

an enterprise engaged in commerce. *Cain v. One Stop PC Help, Inc.*, No. 8:15-CV-1071-T-27TBM, 2017 WL 10241541, at *3 (M.D. Fla. Jan. 17, 2017); *Martinez v. Askins & Miller Orthopedics*, No. 8:18-CV-2442-T-02CPT, 2019 WL 1117036, at *2 (M.D. Fla. Mar. 11, 2019).

Plaintiffs allege that Defendant was their "employer" for purposes of FLSA liability. (Doc. 1 ¶ 8.) To determine whether a defendant is an employer under the FLSA, a court looks to whether it "(1) had the power to hire and fire the employee[ ], (2) supervised and controlled [the employee's] work schedule[ ] or condition[ ] of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Rodriguez v. Jones Boat Yard, Inc.*, 435 F. App'x 885, 888 (11th Cir. 2011). Based on the well-pled allegations, the Court agrees that Defendant employed Plaintiffs from January 2023 through March 2023. (Doc. 1 ¶¶ 10, 23, 42.) Thus, Plaintiffs satisfied the first element.

As to enterprise coverage, Plaintiffs must show that the enterprise: "(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i)-(ii). Plaintiffs allege as much in the amended complaint. (Doc. 1 ¶ 7.) Thus, based

6

on Plaintiffs' well-pled allegations, the Court finds that Defendant is an employer engaged in interstate commerce.

After establishing employment and enterprise coverage, to prevail on a claim for overtime wages, a plaintiff must show: (1) she worked more than a 40-hour workweek; and (2) the defendant did not pay her overtime wages for the work over 40 hours. *Cain*, 2017 WL 10241541, at *3. Plaintiffs claim they were employed from January 30, 2023, until March 8, 2023. (Doc. 30 at 14.) And during these weeks, they worked at least 70 hours without overtime pay. (*Id.* at 14-16.) With these well-pled allegations, the Court finds Plaintiffs have established all the elements for their FLSA overtime claims.

### D. Damages

An employer who violates the overtime provisions of the FLSA is liable for the unpaid overtime and an equal amount in liquidated damages. 29 U.S.C. § 216(b). The claimant bears the burden of proving the damages sought and may establish the amount by affidavit. *Miranda v. Palms Hotels & Villas, LLC*, No. 6:06CV-1902-ORL-28KRS, 2007 WL 3232242, at *4 (M.D. Fla. Oct. 31, 2007) (finding an employee's affidavit carries her burden of proving the amount and extent of her work and a basis for calculating damages when the employers' records are inaccurate or non-existent).

In support of their claims, Plaintiffs submitted affidavits that contain sufficient information to establish the extent of work performed and an

7

adequate basis for calculating damages. (Doc. 30 at 20-34.) Based on this evidence, Plaintiff Josue Francisco Reyes Monterroso is owed $1,725 (*id.* at 24) and an equal amount in liquidated damages; Plaintiff Concepcion Malaquiaz Reyes Monterroso is owed $1,725 (*id.* at 29) and an equal amount in liquidated damages; and Plaintiff Jennifer Guadalupe Martinez Ferrer is owed $1,687.50 (*id.* at 34)[4] and an equal amount in liquidated damages. In total, then, Plaintiffs are due $10,275.

**E. Attorney's Fees and Costs**

The FLSA states that claimants are entitled to reasonable attorney's fees and costs as a prevailing party. *See* 29 U.S.C. § 216(b). Plaintiffs seek these remedies, and the Court finds they are prevailing parties entitled to such relief.

An attorney fee award is calculated by multiplying the number of hours reasonably spent by the reasonable hourly rate to arrive at the lodestar figure. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking an award of fees must submit adequate documentation of hours and rates in support, or the award may be reduced. *Id.*

---

[4] There is a discrepancy between the hours worked in Ferrer's affidavit and the complaint. (*Compare* Doc. 30 at 30, *and* Doc. 1 ¶ 42.) The Court recommends accepting what is claimed in the affidavit, as that is the evidence offered. The recommended damages figure is based on Ferrer's affidavit.

8

Plaintiffs are represented by Attorney Daniel I. Schlade, who claims a lodestar of $3,160. Attorney Schlade offers an affidavit supporting the fee request (Doc. 30 at 36-39), stating that his attached billing records accurately reflect the time spent on the case (7.9 hours) and that the number of hours were reasonable and necessary. The Court agrees they are reasonable.

The request for costs lists the costs of the process server and filing fee, which are taxable under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. Therefore, $927 should be awarded for costs.

## IV. Conclusion

For the above reasons, the Court finds Plaintiffs have established violations of the FLSA's overtime wage provisions. Based on Plaintiffs' affidavits, they have also established entitlement to the damages sought.

Accordingly, it is **RECOMMENDED**:

1.   Plaintiffs' Motion for Default Judgment (Doc. 30) be **GRANTED** as to Counts I, III, and V, and the Clerk be directed to enter a default judgment against Defendant for $10,275, calculated as follows:

   a. $3,450 to Plaintiff Josue Francisco Reyes Monterroso;

   b. $3,450 to Plaintiff Concepcion Malaquiaz Reyes Monterroso; and

   c. $3,375 to Plaintiff Jennifer Guadalupe Martinez Ferrer;

2. The Court should also arrive at a lodestar amount of $3,160 in attorney's fees and a cost award of $927 and include these amounts in the judgment;

3. The Court deem Plaintiffs' breach of contract claims in Counts II, IV, and VI abandoned.

**ENTERED** in Fort Myers, Florida on December 16, 2024.

*[Signature]*
Kyle C. Dudek
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.